UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRINT CLARK,<br><br>        Plaintiff,<br><br>   v.<br><br>M. MARTINEZ, et al.,<br><br>        Defendants. | Case No. 5:21-cv-00463-MCS-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

**I.    Pertinent Procedural History and Plaintiff's Claims**

On March 15, 2021, Plaintiff Brint Earl Clark, who is incarcerated at West Valley Detention Center ("WVDC"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Defendants Lieutenant M. Martinez, Sergeant Marshall, Sergeant Garcia, Corporal Flores, and John Does 1-10, along with a request to proceed without prepayment of the filing fees ("IFP Request"). [Dkt. Nos. 1, 2.] Plaintiff alleges that WVDC staff were deliberately indifferent to his physical and mental health needs in violation of the Eighth and Fourteenth Amendments following his placement into administrative segregation ("Ad-Seg") on August 26, 2020. [Id. at 5.] He also alleges that Defendants failed to protect him in violation of his rights under the Eighth

and Fourteenth Amendments. [Id.]

On April 29, 2021, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. [Dkt. No. 6.] On that date, the Court also issued a screening order dismissing the Complaint for failure to comply with Federal Rule of Civil Procedure 8 and directing Plaintiff to file a First Amended Complaint ("FAC") curing the defects identified by the Court no later than June 1, 2021. [Dkt. No. 5.] After more than three weeks had passed since Plaintiff's deadline for filing a FAC, and Plaintiff had neither filed his FAC nor communicated with the Court, on June 22, 2021, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for failure to prosecute. [Dkt. No. 7.] Plaintiff was ordered to show cause no later than July 9, 2021. [Id.]

To date, Plaintiff has not responded, filed a FAC, or otherwise communicated with the Court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

II. **DISCUSSION**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ...

or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. More than four months have passed since the case was initially filed and Plaintiff has yet to file a viable initial pleading, despite the Court's order directing him to do so. Further, when asked to show cause for his failure to file a FAC, Plaintiff did not respond. Plaintiff's failure to file a viable amended complaint, request an extension of time, or show good cause for his delay hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not counsel in favor of dismissal because no viable pleading exists and thus Defendants are unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay, given that the Court ordered Plaintiff to file a FAC no later than June 1, 2021 and Plaintiff did not comply or seek an extension and he failed to respond to the Court's OSC. [*See* Dkt. Nos. 5, 7.] In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff the opportunity to file a FAC, an opportunity to

request an extension of time, and an express warning that Plaintiff's failure to comply with the Court's orders could result in dismissal. Nevertheless, Plaintiff failed to comply with the Court's orders. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

**IT IS SO ORDERED.**

Dated: August 6, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE